# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE GREEN JACOBSON, P.C., DEBTOR | ) |
| _____ | ) |
| | ) |
| DAVID P. OETTING, CLASS | ) |
| REPRESENTATIVE | ) |
| FOR THE NATIONSBANK CLASS, | ) |
| | ) |
|     Appellant, | ) |
| | ) Case No 4:16CV1906 HEA |
| | ) |
| v. | ) |
| | ) |
| DAVID SOSNE, TRUSTEE FOR THE | ) |
| DEBTOR AND SKMDV HOLDINGS, INC. | ) |
| | ) |
|     Appellees. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Motion of Appellee David A. Sosne, Trustee for the Bankruptcy Estate of Green Jacobson, P.C. (the "Debtor"), to Dismiss the Appeal, [Doc. No. 14]. Appellant opposes the Motion, and has filed a responsive memorandum thereto. For the reasons set forth below, the Motion is granted.

Appellant Appeals from certain orders of the Bankruptcy Court in the above styled Bankruptcy Proceeding. Appellee urges dismissal for lack of standing of

Appellant, David P. Oetting, in his capacity as Class Representative for the Nationsbank Class.

## Facts and Procedural Background

### Class Action

The facts and procedural history giving rise to this matter are set out by the Eighth Circuit Court of Appeals in *Oetting v. Norton*, 795 F.3d 886 (8th Cir. 2015):

> After the merger of NationsBank Corporation and BankAmerica Corporation, shareholders of both companies filed class action lawsuits alleging violations of the federal securities laws. The cases were transferred to the Eastern District of Missouri, where the district court appointed David Oetting as one lead plaintiff of the NationsBank class and the St. Louis law firm of Green Jacobson as lead counsel for the class. The litigation settled, resulting in a $333 million settlement fund for the NationsBank class. We affirmed the district court's approval of the settlement over Oetting's objection that it was inadequate. *In re BankAmerica Corp. Sec. Litig.,* 350 F.3d 747 (8th Cir.2003); *see Koehler v. Brody,* 483 F.3d 590, 598–99 (8th Cir.2007).
>
> On the recommendation of Green Jacobson, the district court appointed Heffler, Radetich & Saitta, LLP (Heffler), as claims administrator to distribute the settlement fund to class member claimants. During the claims process, an employee of Heffler conspired to submit fifteen false claims against the fund, resulting in the payment of $5.87 million that otherwise would have been paid to members of the class. In 2010, the district court denied Green Jacobson's motion for leave to file a supplemental complaint against Heffler to recover this loss. Oetting subsequently filed a separate action against Heffler on behalf of the NationsBank class that was transferred to and is pending in the Eastern District of Pennsylvania.
>
> After two distributions to the NationsBank class in December 2004 and April 2009, some $2.4 million remained in the settlement fund. Green Jacobson moved to have the remaining $2.4 million distributed *cy pres* and requested an additional award of $98,114.34 in attorney's fees for post-settlement work. Oetting opposed the *cy pres* distribution as contrary to class members' interests, opposed the award of additional attorney's fees, and

argued that Green Jacobson should disgorge $2 million in fees for abandoning the class. Oetting also filed this separate class action, alleging in four counts that class counsel Green Jacobson and three members of the firm (collectively, "Green Jacobson") (i) committed legal malpractice by negligently hiring and failing to supervise claims administrator Heffler, and (ii) breached its fiduciary duty by taking various actions that constituted abandonment of the NationsBank class. The complaint sought damages for causing the $5.87 million fraud loss to the settlement fund and disgorgement of the entire $60 million in attorneys fees awarded Green Jacobson in the *BankAmerica* litigation.

      In the main action, the district court granted Green Jacobson's motion for a *cy pres* distribution and for a supplemental fee award and denied Oetting's request for disgorgement. *In re BankAmerica Corp. Sec. Litig.,* No. 4:99–MD–1264, 2013 WL 3212514, at *1, *6 (E.D.Mo. June 24, 2013). Oetting appealed. We reversed the *cy pres* award, ordering the district court to allow an additional distribution to the class and then to consider whether a *cy pres* award of any remaining funds would be appropriate. *In re BankAmerica Corp. Sec. Litig.,* 775 F.3d 1060, 1064–67 (8th Cir.2015). We vacated the supplemental fee award as premature prior to completion of additional distributions that would be made after remand. *Id.* at 1067–68.

*Oetting v. Norton*, 795 F.3d 886, 887–88 (8th Cir. 2015).(footnotes omitted).

## Bankruptcy Proceeding

An involuntary petition under Chapter 7 of the Bankruptcy Code was filed against Green Jacobson, P.C. on March 3, 2015. The Order for Relief in this bankruptcy case was entered on April 26, 2015, and Appellee David A. Sosne was appointed as the Chapter 7 Trustee.

On May 20, 2015, Appellant David P. Oetting, as "class representative" filed a general unsecured proof of claim in the amount of $10,503,914.70. This Claim was amended by Oetting on October 6, 2016 in the same amount.

Appellee/Trustee objected to the Claims. The Bankruptcy Court entered its

3

Order Denying Motion for Abstention and Sustaining Objection to Claim on November 29, 2016. Appellant appeals this Order.

## Discussion

Appellee moves to dismiss this Appeal based on lack of standing of Appellant in his capacity as Class Representative for the original NationsBank class for lack of standing.

"[F]ederal courts are courts of limited jurisdiction." *Dakota, Minnesota & E.R.R. Corp. v. Schieffer*, 715 F.3d 712, 712 (8th Cir. 2013) (citations omitted). The party invoking federal jurisdiction has the burden of establishing that it exists. *Id.*; *see also Jones v. United States*, 727 F.3d 844, 846 (8th Cir. 2013); *Bowe v. Nw. Airlines, Inc.*, 974 F.2d 101, 103 (8th Cir. 1992). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

The Eighth Circuit Court of Appeals has unequivocally resolved the issue before this Court. In an action by Oetting against the Receiver for Green Jacobson, P.C., the Court held that although Oetting was named the Class Representative in the Multi-District Litigation, the appointment does not allow him to proceed in a *separate* action against different parties.

> [O]etting's duty to represent the class in the main action does not afford him Article III standing to assert claims against different parties in a new action. *See In re Celotex Corp.,* 496 Fed.Appx. 3, 5 (11th Cir.2012) (certified class representative in national class action denied standing to assert class action claims against the settlement trust in a bankruptcy adversary proceeding because it did not personally have the claim asserted on behalf of the putative class).
>
> [W]e conclude that Oetting's status as class representative of the NationsBank class certified in the main action did not, without more, provide either Oetting or the class itself with standing to maintain any of the claims asserted in this separate action.

*Oetting*, 795 F.3d at 891.

Appellant's reliance on *Williams v. Employers Mutual Casualty Company,* 845 F.3d 891 (8th Cir. 2017), which holds that a class representative of a certified class acts on behalf of the class in *ancillary* proceedings, is misplaced. Appellant's Claim in the Bankruptcy proceeding is *not* ancillary to the original class action case, but rather, the claims filed in the Bankruptcy Court are independent, separate and distinct actions against different parties. The Eighth Circuit's ruling in *Oetting* is clearly applicable in this matter.

## Conclusion

Appellant, as Class Representative, without more, lacks standing to bring the claims of NationsBank class members. As such, the Court lacks subject matter jurisdiction over this appeal. The matter will be dismissed.

Accordingly,

5

IT IS HEREBY ORDERED that the Motion to Dismiss, [Doc. No. 14], is granted.

IT IS FURTHER ORDERED that this Appeal is dismissed.

Dated this 21st day of June, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE