# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

IN RE GREEN JACOBSON, P.C., DEBTOR )
_____ )
                                     )

**DAVID P. OETTING, CLASS** )
**REPRESENTATIVE** )
**FOR THE NATIONSBANK CLASS,** )
                                     )
      **Appellant,** )
                                       ) **Case No 4:16CV1906 HEA**
                                       )
**v.** )
                                       )
**DAVID SOSNE, TRUSTEE FOR THE** )
**DEBTOR AND SKMDV HOLDINGS, INC.** )
                                       )
      **Appellees.** )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Motion of Appellant, David P. Oetting's Motion for Reconsideration or Rehearing, [Doc. No. 24]. Appellee opposes the Motion, and has filed a responsive memorandum thereto. For the reasons set forth below, the Motion is denied.

On June 21, 2017, the Court entered its Opinion, Memorandum and Order granting Defendants' Motion to Dismiss this Appeal.

"Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could

have been raised prior to the entry of judgment.' 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127-128 (2d ed.1995) (footnotes omitted)." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 128 S.Ct. 2605, 2617, n. 5 (2008).

Rule 59(e) was adopted to clarify that "the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 450, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982) (internal quotations omitted). Moreover, "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Innovative Home Health Care, Inc. v. P.T .-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998),(internal punctuation and citations omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir.2006) (quoting *Innovative Home Health Care*, 141 F.3d at 1286)).

District courts "will ordinarily deny a motion for reconsideration unless the party demonstrates a showing of manifest error in the prior ruling or demonstrates new facts or legal authority that the party could not have previously produced with reasonable diligence to the court." *Elder−Keep v. Aksamit*, 460 F.3d 979, 988 (8th

Cir.2006); *Monsanto Co. v. E.I. Dupont de Nemours & Co.*, 2011 WL 322672 at

*4 (E.D.Mo. Jan.31, 2011); *Arnold v. ADT Sec. Services, Inc*., 627 F.3d 716, 721

(8th Cir.2010). A motion to reconsider "cannot be used to raise arguments which

could have been raised prior to the issuance of judgment." *Hagerman v. Yukon*

*Energy Corp*., 839 F.2d 407, 414 (8th Cir.1988). District courts have "broad

discretion" in determining whether to reconsider judgment. *Hagerman,* 839 F.2d at

413.

In his Motion, Appellant attempts to persuade the Court to grant relief from

its findings which led to the conclusion that he lacked standing to bring the Appeal.

Appellant has presented nothing new, nor has he pointed the Court to any mistake

so severe as to establish manifest error under Rule 59(e). He has not pointed the

Court to any circumstance from the record or otherwise to cause the Court to grant

the relief now sought. Instead he argues that Judge Jackson's Order in the Multi-

District litigation somehow confers standing upon him in this litigation. It does

not.

The Court articulated its reasoning in finding that Appellant lacked standing.

Nothing has changed, nor should the Opinion, Memorandum and Order in this

matter be altered or amended under Rule 59(e).

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Reconsideration or

Rehearing, [Doc. No. 24], is **DENIED**.

Dated this 19th day of December, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE